**RECEIVED**

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

APR 2 1 2008 *aew*

Apr 21, 2008

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

United States of America ex rel.                    )
)
JAMES G. TURNER-EL, çN-01161                         )
(Full name and prison number)                        )
(Include name under which convicted)                 )
)
PETITIONER                                           )
)          08CV2264
vs.                                         )          JUDGE DARRAH
)          MAG. JUDGE MASON
DONALD A. HULICK,                                    )
(Warden, Superintendent, or authorized              )
person having custody of petitioner)                )
)
RESPONDENT, and                                      )
)
**(Fill in the following blank only if judgment**   )
**attacked imposes a sentence to commence**         )
**in the future)**                                  )
)
ATTORNEY GENERAL OF THE STATE OF                     )     Case Number of State Court Conviction:
)
LISA MADIGAN,                                        )     81 C 9133
(State where judgment entered)                       )

## PETITION FOR WRIT OF HABEAS CORPUS -- PERSON IN STATE CUSTODY

1.  Name and location of court where conviction entered:  Cook County Circuit Court

2650 S. California Ave., Chgo, Il. 60608

2.  Date of judgment of conviction:  March 24, 1982

3.  Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)

1 Count each of a) Armed Robbery; b) Attempt Murder and c) Unlawful Restraint
Indictment No. 81 C 9133
4.  Sentence(s) imposed:  (60) years Armed Robbery; (30) years Attempt Murder and(5)
Years Unlawful Restraint all sentences running concurrently.
5.  What was your plea? (Check one)        (A) Not guilty        ( x)
(B) Guilty           (  )
(C) Nolo contendere  (  )

If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

Not guilty as to all charges

## PART I – TRIAL AND DIRECT REVIEW

1. Kind of trial: (Check one):    Jury ( x )    Judge only ( )

2. Did you testify at trial?    YES ( )    NO    ( x )

3. Did you appeal from the conviction or the sentence imposed? YES ( x )   NO ( )

   (A) If you appealed, give the

      (1) Name of court:   ~~Appellate Court of Illinois/1st~~ District

      (2) Result:   Affirmance/Vacation of sentence/Remand new sentencing Hearing.

      (3) Date of ruling:   ~~September 7, 1983~~

      (4) Issues raised:    1) Did not prove guilt for attempt murder beyond a reasonable doubt;  2) Excessive sentence.

   (B) If you did not appeal, explain briefly why not:

   Re-appealed to Appellate Court of Illinois following remand.

4. Did you appeal, or seek leave to appeal, to the highest state court?  YES ( x )    NO ( )

   (A) If yes, give the

      (1) Result    Denial

      (2) Date of ruling:   Unk. (See Certified Statement of Conviction/Disposition)

      (3) Issues raised:    Unk.

   (B) If no, why not:    N/A

5. Did you petition the United States Supreme Court for a writ of *certiorari*?  Yes ( )   No ( x )

   If yes, give (A) date of petition:   N/A    (B) date *certiorari* was denied:    N/A

## PART II -- COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

YES ( x )    NO ( )

    With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

    A.   Name of court:   Circuit Court of Cook County

    B.   Date of filing:   Filed 6 Post-Conviction Petition from 1991 - 2006.

    C.   Issues raised:  ~~First 5 frivolous, last one meritorious~~
                attacked void judgement as presented herein.

         (See- Certified Statement of Conviction/Disposition).

    D.   Did you receive an evidentiary hearing on your petition?    YES ( )    NO ( x )

    E.   What was the court's ruling?   Denial

    F.   Date of court's ruling:   Last PC denied May 10, 2006

    G.   Did you appeal from the ruling on your petition?    YES ( x )    NO ( )

    H.   (a)  If yes,   (1) what was the result?   Appellate Court denied appeal as late

                (2) date of decision:   February   , 2007

       (b)  If no, explain briefly why not:   Filed Petition for Rehearing

    I.   Did you appeal, or seek leave to appeal this decision to the highest state court?

       YES ( )  NO ( x )  Did not appeal due to fact that I did not learn Appellate
Court had denied Petition for Rehearing til (10) months after decision.
       (a)  If yes,   (1) what was the result?   N/A

                (2) date of decision:   N/A

       (b)  If no, explain briefly why not:   N/A

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus? - YES ( x )     NO ( )

    A.  If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

        1.  Nature of proceeding      State Habeas Petition

        2.  Date petition filed        9/5/96

        3.  Ruling on the petition      9/5/96

        3.  Date of ruling        9/15/96

        4.  If you appealed, what was      (See-Certified Statement of Conviction/Dispositic
            the ruling on appeal?               (Hereinafter referred as "CSOCD")

        5.  Date of ruling on appeal   CSOCD

        6.  If there was a further appeal,
            what was the ruling ?      CSOCD

        7.  Date of ruling on appeal   CSOCD

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?
            YES ( )   NO ( x )

    A.  If yes, give name of court, case title and case number:   N/A

    B.  Did the court rule on your petition?  If so, state

        (1)  Ruling:       N/A

        (2)  Date:       N/A

**4. WITH RESPECT TO THIS CONVICTION OR SENTENCE, ARE THERE LEGAL PROCEEDINGS PENDING IN ANY COURT, OTHER THAN THIS PETITION?**

YES ( x )   NO ( )

If yes, explain: Petition for Relief from Judgement in Cook County Circuit Court alleging sentence is void for trial court's fail;ure to admonish petitioner of (3) years MSR (Mandatory Supervised Release) he must serve which exceeds maximum sentence he was ordered to serve.

## PART III — PETITIONER'S CLAIMS

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A) Ground one Petitioner denied Due Process in violation of the 14th
Supporting facts (tell your story briefly without citing cases or law): Amendment to the U.S. Con-
stitution

Trial Court imposed a maximum extended-term of (60) years imprisonment

for petitioner's Class X Armed Robbery conviction, due to petitioner's

prior Class 1 Armed Robbery and Class 2 Burglary convictions, even though

petitioner never qualified for maximum extended-term sentence, as his

prior convictions were not of same or greater Class felony, as required

by statute, denying him of Due Process.

                    (See Statement of Facts)


(B) Ground two Petitioner was denied Equal Protection of the Law
Supporting facts:

Illinois Legislature enacted safe-guards when implementing Ill. Rev.

Stat. Ch. 38, par. 1005-5-3-2.(b)(1), that prohibited trial courts from

imposing extended-term sentences unless a person qualified under statu-

tory prerequisites. Petitioner never qualified, yet, had maximum extended-

term imposed, denying him equal protection of the law.

                    (See Statement of Facts)

(C)  Ground three   Petitioner is subjetced to cruel and unusual punishment
Supporting facts:

Trial court subjetced petitioner to cruel and unusual punishment where
it imposed a maximum extended-term of (60) years imprisonment, though
petitioner never qualified for said judgement, as prior convictions
were not of the same or greater class felony requirement, which forces
petitioner to serve double the time he should have served illegally.

(See Statement of Facts)


(D)  Ground four  Petitioner was denied of his rights under the 5th, 8th
Supporting facts:   and 14th Amendments to the U.S. Constitution.

Trial court's improper imposition of maximum extended-term of (60) years
imprisonment, not only subjetced petitioner to serve double time illegally
for the defendant-respondent, but, further subjects him to servefuture
Federal sentence for Federal Parole Violation, with no credit on Federal
sentnece for illegally served Illinois State time.

(See Statement of Facts)


2   Have all grounds raised in this petition been presented to the highest court having jurisdiction?
       YES (  )   NO ( x )

3.  If you answered "NO" to question (16), state briefly what grounds were not so presented and why not:
All except ground (D) which is Federal questrion regarding Federal sentence.

## I.

## STATEMENT OF FACTS

1.    Petitioner pled guilty to two Federal armed robberies be-
fore the Hon. Thomas R. McMillen December, 1974, who imposed two
(8) year sentences running concurrently.

2.    Approximately, forty days later on or about February 3,1975
petitioner also pled guilty to two two Illinois State criminal offenses
a Class 1 Armed Robbery in which the presiding Judge Hechinger.Circuit
Judge imposed a sentence of 4 - 6 years imprisonment and a Class 2 Burg-
lary where Judge Hechinger imposed a 1 - 6 year sentence, sentences were
to run together with each other and to run concurent with petitioner's
Federal sentences, as such petitioner served both sentences in Federal
prison never serving a day in Illinois StaTE custody.

3.    Following release on Federal parole petitioner was arrested
in Chicago, by Chicago Police and charged with one count each of Class
X Armed Robbery, Class X Attempt Murder and Class 4 Unlawful Restraint.

4.    Petitioner was tried in absentia before the Hon. Thomas R.
Fitzgerald, jury found him guilty of each offense March 24, 1982.

5.    On or about April 21, 1982 Judge Fitzgerald imposed a statu-
tory maximum of (30) years imprisonment for petitioner's attempt murder
conviction under Ill.Rev. Stat.Ch.38,par. 1005-8-1(a)(2), which was a
Class X offense. Then the court entered two extended-term sentences, a
lawful (5) year extended-term for petitoner's Class 4 Unlawful Restraint
conviction, and a impermissible (60) year maximum extended-term of (60)
years for petitioner's Class X Armed Robbery conviction. The trial court
imposed these extended-terms reportedly pursuant Ill.Rev.Stat.Ch.38,

par. 1005-5-3.2(b)(1) due to petitioner's prior Illinois State convic-
toions and (b)(2) if the court determined the crimes was accompanied
by exceptionally brutal, henious or cruel behavior. Judge Fitzgerald
found both aggravating sentencing factors present when imposing (60)
year sentence.

6. On appeal on or about September 7, 1983 the Appellate Court
of Illinois entered its opinion in Appeal No. 82-979 (See Exhibit A)
affirming convictions, but remanding for resentencing hearing after
vacating (60) year sentence finding trial court used an improper aggra-
vating sentencing factor where the court determnied the armed robbery
brutal, henious or cruel, because facts show no one was physically in-
jured.

7. On or about March 7, 1984, the trial court reimposed the same
(60) year maximum extended-term sentence for petitioner's Class X Armed
Robbery conviction pursuant Ill. Rev.Stat.Ch.38,par.1005-5-3.2(b)(1) re-
portedly due exclusively to petitioner's prior convictions (See Exhibit B).

8. Petitioner appealed unsuccessfully and over the next (22) years
petitioner brought several State Habeas proceedings,, a few Mandamus
Complaints and (6) Post-Conviction Complaints, five of which were frivo-
lous. The sixth one, is what petitioner now presents before thisCourt
within (1) year time limitation from denial of his Petition for Rehearing ,
March 8, 2007.

## II.

### POINTS RELIED UPON FOR HABEAS RELIEF

The trial court deprived petitioner of his Illinois State and
Federal Constitutional right to Due Process, where the court
imposed a maximum extended-term of (60) years imprisonment

Continued Points for habeas relief:

> for his Class X Armed Robbery conviction due to his prior
> Class 1 Armed Robbery and Class 2 Burglary convictions
> even though petitioner did not meet the prerequisites
> of the statute to qualify for such a sentence being
> imposed, because, his prior convictions were not of the
> <u>same or greater class felony</u>.

In the case at bar, in order for the trial court to impose an extended-term of imprisonment under Ill.Rev.Stat.Ch.38.par.1005-8-2(a)(2) for class X offenses one or both aggravating factors of Ill.Rev.Stat.Ch.38,par.1005-5-3.2(b)(1) (past convictions and (2) where court finds crime accompanied by brutal, henious or cruel behavior. Initially, when imposing judgement April 21, 1982, the trial court found both aggravating factors present when imposing the (60) year sentence. But, on appeal (See Exhibit A) the Illinois Appellate Court affirmed, but, found the trial court had used an improper sentencing-factor (b)(2) where the court determnied the armed robbery was brutal, henious or cruel, where record reflects noone was injured, and vacated judgement and remanded for a new sentencing hearing.

On remand March 7, 1984, the trial court reimposed theexact same (60) year maximum extended-term sentence for petitioner's Class X Armed Robbery conviction, due reportedly to his prior Illinois State Court convictions.

Petitioner did not discover that his sentence was void because it did not comport to statutory guidelines til the year 2006, when he brought his 6th Post-Conviction Petition, that was denied by the circuit court without review, petitioner sought to appeal, but inadvertantly left off his Notice of Appeal from other documents he forwarded the clerk of the circuit court, who promptly returned advising petitioner of his err, petitioner made the necessary correction and remailed his

Notice of Appeal, etc., to the Clerk of the circuit court, who for-
warded same to the Appellate Court, there Justice McBribe granted
the appeal and appointed counsel from State Appellate Defender's
Office, said counsel promptly filed a motion to dismiss appeal as
untimely, and even though said appeal must be deemed properly filed
under Illinois Supreme Court Rule 373, the appellate court dismissed
appeal, petitioner immediately filed Petition for Rehearing, and,
though he never heard a word for over the next (10) months, the Appel-
late Court had denied the petition for rehearing 3/8/07, though peti-
tioner did not become aware of the denial til February, 2008, which
prompted petitioner to bring his Federal Habeas Petition instead of a
late appeal to the Illinois Supreme Court, as his Illinois State sen-
tence is void and does not comply to statutory class requirement, in
that:

Ill.Rev.Stat.Ch.38,par.1005-5-3.2(b)(1) specifically provide
(See Exhibit J):

> "(1) <u>When a defendant is convicted of any felony,
> after having been previously convicted in Illinois
> of the same or greater class felony</u>, within 10 years
> excluding time spent in custody, and such charges
> are seperately brought, and tried and arise out of
> different series of acts."

Illinois Legislature's intent was clearly to afford all previously con-
victed persons with safe-guards against imposition of an extended-term
sentence based on their present convictions, unless prior convictions
were of the same class felony (as present convictions), or,2) prior
convictions were of a greater class felony, than present convictions.
Further new convictions had to have occurred withing (10) years of
previous convictions, excluding any time spent in custody and such
charges had to be seperately brought, tried and arise out of different
series of acts.

- 10 -

In this proceeding petitioner did not meet the necessary prerequisites for imposition of the maximum extended-term being impose on him, in that, his prior Class 1 Armed Robbery and Class 2 burglary convictions of 2/3/75 were not of the same class felony as his present Class X armed Robbery conviction;  neither, is petitioner's prior Class 1 Armed Robbery and Class 2 Burglary of a greater Class felony, than petitioner present Class X Armed Robbery conviction.  According to the statutes a Class X offense is greater in Class than a Class 1, 2,3 or 4 Class offense.  Therefore, the trial court improperly imposed the (60) year extended-term sentence, because, it does not comply with the necessary Class felony requirement for its imposition, requiring Habeas RElief in this matter.

   The trial court denied petitioner equal protection of the law by imposing a maximum extended-term sentence on him that does not comport to mandatory statutory guidelines.

In the instant habeas proceeding the Illinois State trial court imposed two extended-term sentences on him, one lawful extended-term for petitioner's Class 4 (Unlawful Restraint) conviction, because, his prior Class 1 Armed Robbery and Class 2 Burglary convictions wereboth greater in Class as required by statutory prerequisites.

The facts of the instant case shows petitioner was convictedof three criminal offenses, one class X Armed Robbery, one Class X Attempt Murder and one Class 4 Unlawful Restraint convictions;  Petitioner sentenced under Ill.Rev.Stat.Ch.38,par.1005-8-2(a)(2) for both his lawful Class 4 extended-term sentence for his (Unlawful Restraint) conviction and for his illegal (60) year maximum extended-term for his Class X Armed Robbery conviction.

Under Ill.Rev.Stat.Ch.38.par.1005-8-1(a)(7) statutory guidelines
a sentence of 1 - 3 years can be imposed for a Class 4 felony convic-
tion.  But, under Ill.Rev.Stat.Ch.38, par.1005-8-2(a)(6) the Extended-
Term Statute an extended-term of 3 - 6 years can be imposed for a Class
4 felony conviction.  Because, the trial court imposed a (5) year sen-
tence for petitioner's Class 4 felony conviction its evident the trial
court imposed an extended-term for petitioner's Class 4 felony convic-
tion and under aggravating factors statute Ill.Rev.Stat.Ch.38,par.1005-
5-3.2(b)(1), petitioner was eligible for the extended-term and the sen-
tence was authorized, because, petitioner's prior Class 1 Armed Robbery
and Class 2 Burglary convictions were of a greater class felony than
his present Class 4 Unlawful Restraint conviction, as mandated by statute
an extended-term sentence could be imposed and it was accordingly.

However, when we put petitioner's (60) year maximum extended-term
sentence under the microscope in comparison with the statutory guidelines
its evident sentence is void, because petitioner never qualified for a
Class X maximum extended-term, as his prior Class 1 Armed Robbery and
Class 2 Burglary are not of the same class as petitioner's present Class
X Armed Robbery conviction;  Nor, is his prior Class 1 Armed Robbery and
Class 2 Burglary of a greater class felony, than petitioner's present
Class X Armed Robbery conviction, under statutory guidelines, the Class
X Armed Robbery conviction is greater in Class, than a class 1 or Class
2 felony conviction.  Accordingly, petitioner was not eligible for a
Class X extended-term sentence for his present Class X Armed Robbery
conviction. Therefore judgement thereon is void, because it does not
comply to statutory class requirement, warranting habeas relief hereon.

Trial court subjected petitioner to cruel and unusual punishment
by misconstruing the aggravating sentencing factor statute Ill.
Rev.Stat.Ch.38,par.1005-5-3.2(b)(1) and impermissibly imposing
a maximum extended-term of (60) years imprisonment on the
petitioner, that forced petitioner to serve double the prison
time that he should have served illegally.

As shown supra, petitioner did not qualify for an extended-term
sentence for his present Class X Armed Robbery conviction, because
his prior Class 1 Armed Robbery and Class 2 Burglary convictions, are
not of the same class felony as present Class X Armed Robbery convic-
tion, nor, is petitioner's prior Class 1 Armed Robbery and Class 2
Burglary conviction of a greater class felony the present Class X Armed
Robbery conviction, the Class X Armed Robbery is the greater Class felony.
As such, petitioner was not eligible for (60) year maximum extended-term
sentence. But, since petitioner was not eligible for a Class X extended
term sentence, what was he eligle for, under Ill.Rev.Stat.Ch.38,par.
1005-8-1(a)(3) petitioner was statutorily eligible for a sentence from
6 - 30 years imprisonment, and under determinate sentencing scheme the
petitioner would only have served half of whatever sentence was imposed,
i.e., had the trial court imposed the statutory maximum of (30) years
petitioner would have been required to serve (15) years imprisoned and
given (15) years good-time as for everyday petitioner serves incarce-
rated he gets a day good-time credit. Petitioner completed service of
a (30) year sentence Nov. 25, 1996, after having served (15) years im-
prisoned and given (15) years good-time.

However, because the trial court illegally sentenced petitioner
to an illegal (60) year maximum extended-term judgement by misconstru-
ing the Aggravating Factros sentencing statute prerequisites, petitio-
ner has served to date more than (11) years more than he was suppose
or should have had to serve erroneously, as such, the trial court sub-

- 13 -

jected petitioner to cruel and unusual punishment in violation of
the 8th Amendment to the U.S. Constitution, because, he was and snd
he still is serving an invalid and void judgement that unlawfully
forces him to serve double the prison he should have served, requiring
habeas relief and petitioner immediately released from the custody of
the Illinois Department.of Corrections.

> The trial court deprived petitioner of his rights to
> Due Process, to Equal Protection of the Law and to
> be free from cruel and unusual punishment, where the
> trial court's imposition of an illegal (60) year maximum
> extended-term sentence subjects petitioner to serve
> a future Federal sentnece, with no credit given for ille-
> gally served Illinois Sate time.

The petitioner was on Federal parole when he was arrested, charged
and convicted of present Illinois State criminal offenses; yet, still
owing the Government (9) years and (113) days on his Federal sentence.
But, by Illinois State trial court imposing an impermissible maximum
extended-term of years imprisonment on petitioner, the trial court not
only subjected him to remain in Illinois State custody (30) years longer
than he should have served, but, likewise delayed petitioner from being
released to his Federal Parole Violator Warrant timely, subjectin him
to remain in Illinois State custody (15) extra years unjustifiably, and
because this illegally served Illinois State time cannot be credited
towards petitioner's future Federal sentence, nor, on his invalid Illi-
nois State sentence.  The trial court subjected petitioner to be denied
his rights to Due Process, Equal Protection of the Law and subjected
him to cruel and unusual punishment in violation of Art. 1, §2 of the
Illinois State Constitution and the 5th, 8th and 14th Amendments to the
United States Constitution, warranting issuance of a writ of habeas
corpus hereon.

## PART IV -- REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing _____ Public Defender ("PD") _____

(B) At arraignment and plea _____ "PD" _____

(C) At trial _____ "PD" _____

(D) At sentencing _____ "PD" _____

(E) On appeal _____ State Appellate Defender _____

(F) In any post-conviction proceeding _____ N/A _____

(G) Other (state): _____ N/A _____

## PART V -- FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( x )   NO (  )

Name and location of the court which imposed the sentence: U.S. Dist. Ct. Northern Dist. Illinois

Date and length of sentence to be served in the future  9 years 113 days

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: _____                    _____
            (Date)                    Signature of attorney (if any)

**I declare under penalty of perjury that the foregoing is true and correct.**

_____ James B. _____
(Signature of petitioner)
N-01161
(I.D. Number)
P.O. Box 711, Menard, Il. 62259
(Address)

REVISED 01/01/2001

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

6 copies each 3 envelops mailing

James G. Turner-el,                    )
Plaintiff,                             )
                                       )
          v.                           )  Case No. _____
                                       )  CHIEF JUDGE OF THE
Donald A. Hulick,                      )  COURT
Defendant                              )

## PROOF/CERTIFICATE OF SERVICE

TO: M. W. Dobbins/Clerk        TO: Richard A. Devine
    U.S. District Court            State's Attorney
    219 S. Dearborn St.            300 Daley Center
    Chgo, Il. 60604                Chgo, Il. 60602

TO: Lisa Madigan              TO: _____
    Attorney General              _____
    100 W. Randolph St,           _____
    Chgo, Il. 60601               _____

PLEASE TAKE NOTICE that on ____March____, 2008, I have placed the
documents listed below in the institutional mail at __Menard__ Correctional Center,
properly addressed to the parties listed above for mailing through the United States Postal
Service: Motion for Extension of time
_____
_____

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of
perjury, that I am a named party in the above action, that I have read the above
documents, and that the information contained therein is true and correct to the best of my
knowledge.

DATE: 3/__/08

/s/ James G. _____
NAME: James G. Turner-el
IDOC#: N-01161
Menard Correctional Center
P.O. BOX 711
Menard, IL 62259

Revised February 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE _NORTHERN_ DISTRICT OF ILLINOIS

James G. Turner-el, )
      Plaintiff, )
                 )
V.                 )    No. _____
                 )    Chief Judge of the Court
Donald A. Hulick, )
      Defendant )

## MOTION FOR EXTENSION OF TIME

    COMES NOW the Plaintiff, and moves this Court for an Extension of Time in which to file his _Federal Habeas Corpus Petition_. In support of his motion, Plaintiff states as follows:

    1. That the above referenced document is currently due to be filed on or before _March 8, 2008_.

    2. That the Plaintiff is an inmate incarcerated at the Menard Correctional Center, Menard, IL.

    3. Additional time to complete this action is needed because: plaintiff is confined to disciplinary segregation and has not been issued his legal documents to have copied and mail or this court

    WHEREFORE, the Plaintiff requests that this Court grant him an extension of _14_ days in which to file. til March 22, 2008

                Respectfully submitted,

                James M. ___ El
                DOC# N-01161
                P.O. Box 711
                Menard, IL 62259

STATE OF ILLINOIS          )
                           )SS
COUNTY OF RANDOLPH )

## AFFIDAVIT

I, James G. Turner-el do hereby declare and affirm that the following information within this affidavit is true and correct in substance and in facts:

1. Circuit Court of Cook County denied my Post-Conviction Petition May 10, 2006

2. I submitted Motion for Transmission of Record, Motion to Sue and Defend as a Poor Person, Motion for The Appointment of Counsel, Affidavit, and Notice/Proof of Service, but inadvertantly let out Notice of Appeal on May 25, 2006, to wit, the clerk returned unfiled May 27, 2006.

3. I corrected error an attached Notice of Appeal remailed same back to the Clerk, who filed it and transmitted to Clerk of the Illinois Appellate Court there. Judge McBride granted appeal and appointed the State Appellate Defender

4. Counsel filed to dismiss appeal as untimely filed that was granted.

5. I filed a Petition For Rehearing, after hearing nothing from the court I wrote a letter January 2008 and learned Petition For Rehearing had been denied March 8, 2007

6. Accordingly I have until 3/8/08 to file my Federal Habeas Petition. I was confined to segregation 2/28/08 and haven't received my property yet.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this 5th day of March, 2008

_____
                        Affiant

STATE OF ILLINOIS        )
                        ) SS

COUNTY OF   RANDOLPH      )

## AFFIDAVIT

I,   James G. Turner-E1       being first duly sworn upon my oath depose and state that the following matters are both true and correct made upon personal knowledge and belief, and if called as a witness, I am competent to testify thereto: 1. That I have been incarcerated for almost (27) years in the IDOC.

2. That I didn't discover my sentence was void until the year 2006 and I immediately brought my sixth Post-Conviction Petition that was denied by the circuit court May 10, 2006.

3. That I prepared Notice of Appeal, Motion for Transmission of Record on appeal; Motion for Appointment of Counsel on appeal; Motion; Motion to Proceed As A Poor Person on Appeal; Notice and Proof of Service, however when mailing documents to the Clerk of the circuit court, I inadvertantly left off the Notice of Appeal. The Clerk returned documents to me unfiled May 27, 2006. to wit, I included my Notice of Appeal and rmailed same to the Clerk on June 8, 2006, two days before due date. The clerk forwarded to the Clerk of the Appellate Court and Justice McBride granted appeal and appointed State Appellate Defender to represent him on appeal. Counsel filed motion that appeal was untimely and should be dismissed and 3 Judge panel granted the motion on January 25, 2007. That I filed a Petition for Rehearing that was docketed 2/14/07. The Clerk failed to return me a stampfiled copy, and further failed to serve me with denial order. I did not become aware that petition for rehearing was denied until I wrote Clerk who now forwarded him a copy of the 3/8/07 denial order on Jan. 8, 2008, accordingly, I believe I have until 3/8/08 to bring Federal Habeas Petition.

4. That all exhibits attached hereto are true, exact, correct and authenic copies of the originals.

5. That all statements made in the preceding motions and in this affidavit is true and correct insubtance and in fact.

## Affidavit (continued) Page 2 of 2

6. That my sentence is invalid because it doesn't comply to
statutory requirements.

7. That furhter I sayeth not.

Subscribed and sworn to
before me on the ___ day
of _____, _____

Respectfully submitted,

_James B._ (signature)

_____
NOTARY PUBLIC



# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### 219 SOUTH DEARBORN STREET
### CHICAGO, ILLINOIS 60604

**MICHAEL W. DOBBINS**
CLERK

**\*Prisoner Correspondence**

Date: ___3-7-08___

In response to your enclosed request, please see the box or boxes checked:

☐   This court does not have the requested forms. Check with your law library or the public library.

☐   Communications to the court (such as letters sent to the judge) without a certificate of service to the opposing party(s) are what the law calls "ex parte" and will not be considered by the court. All court filings must be in the form of pleadings, with the case name, number, and caption, and served on opposing parties, in order to comply with Fed.R.Civ.P. 5.

☑   The enclosed material contains no case number or case title. Without that information the document cannot be processed. Accordingly, the material you submitted to this office is being returned to you. See Fed.R.Civ.P. 10(e).

☐   Pursuant to *Antonelli v. Sheahan,* 81 F. 3d 1422, 1431 (7th Cir. 1996), mail from the Clerk of the Court is not privileged mail and can be opened outside the presence of the prisoner. *See also, Jones v. Sheahan,* 2002 WL 959814 (N.D. IL.).

☐   As the court has previously ordered, you must pay the full filing fee, in installments if so ordered, in all cases filed in this court.

☐   Check with the trust fund officer at your institution to determine the status of payment of your court filings fees.

☐   Status request: As of this date the Court has taken no action on the requested case. When an order is entered, your will promptly be notified by mail.

☐   Status request: Attached is the latest docket entry in your case.

☐   It is the responsibility of the party filing the documents to serve the opposing side and to file a certificate of service indicating who was served, who made the service, when and how this service was made. For the above reasons, your service copies are being returned to you. *See* Fed.R.Civ.P. 5.

☐   Please be advised that we are not attorneys and are prevented by federal law from answering questions of a legal nature. We are also prohibited from interpreting the rules. You should direct your questions to an attorney who will be able to give you the legal advice you seek, or to contact the law library at your institution. We regret that we cannot assist you in this matter.

\*The Prisoner Correspondence Office is the part of the Clerk's Office which processes all mail from inmates.

**Continued on reverse side**

☐ Contact: Attorney Registration and Disciplinary Commission of the Illinois Supreme Court (ARDC)
　　　　　 One Prudential Plaza
　　　　　 130 E. Randolph Drive
　　　　　 Chicago IL 606901

☐ Contact: Clerk of the Circuit Court of Cook County
　　　　　 Richard J. Daley Center
　　　　　 Chicago IL 60601

☐ For copies of collected bound reported court opinions, contact:
　　　　　 Sale Department, West Publishing
　　　　　 P.O. Box 3526
　　　　　 St. Paul MN 55165

☐ Local Rule 5.1 requires that "all materials shall be filed in the divisional office of the division to which the case is assigned." Your case is assigned to the **Western Division**. Send all requests and documents related to this case to the Western Division at:
　　　　　 U.S. District Court for the Northern District of Illinois
　　　　　 211 South Court St. - Room 252
　　　　　 Rockford IL 61101

☐ For a copy of Local Rules for U.S. District Court, Northern District of Illinois, the fee is $10.50 payable to Clerk, U.S. District Court. Send the fee and your request to:
　　　　　 Clerk, U.S. District Court
　　　　　 Attn: Cashier
　　　　　 219 S. Dearborn - 20th floor
　　　　　 Chicago IL 60604

☐ For a copy of the Federal Rules of Civil, Criminal, Bankruptcy, Evidence or Appellate Procedures, contact:
　　　　　 Superintendent of Documents
　　　　　 U.S. Government Printing Office
　　　　　 Washington D.C. 20402

☐ Pursuant to Local Rule 5.6, no pleading, motion [except for motion to intervene], or other document shall be filed in any case by any person who is not a party thereto, unless approved by the court. Without such an order, the clerk shall not accept any document sent in by a person who is not a party.

☐ We cannot comply with your request to backdate stamp your documents. Received stamped copies for return to you must be received at the time of filing. Accordingly, your documents are being returned to you.

☐ You filed your case under your alias and not the name under which you are incarcerated. Your mail at the institution must be addressed to you under your institutional name. Therefore, unless you inform the court in writing of your correct name, and ask the court to remove your alias name, you will not receive any further notices from the court.

IN THE

## SUPREME COURT OF THE STATE OF ILLINOIS

PEOPLE OF THE TSTAE OF ILLINOIS,  )
Plaintiff,                        )    Appeal No. 1-06-1985
                                  )    Case No. 81 C 9133
                        v.        )
                                  )
JAMES G. TURNER-EL                )
Defendant                         )

## PROOF/CERTIFICATE OF SERVICE

TO: Michael J. Pelletier    TO: Juleann Hornyak/Clerk
    Appellate Defender's Office  Supreme Court of Illinois
    203 N. La Salle St., 24th Fl.  Supreme Court Building
    Chgo, Il. 60601         Springfield, Il. 62701

TO: Richard A. Devine       TO: _____
    State's Attorney            _____
    300 Daley Center            _____
    Chgo, Il. 60602             _____

PLEASE TAKE NOTICE that on ___January___ ___29___, 20_08_, I have placed the
documents listed below in the institutional mail at __Menard__ Correctional Center,
properly addressed to the parties listed above for mailing through the United States Postal
Service: Motion for Order Granting Extension of Time.

_____

_____

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of
perjury, that I am a named party in the above action, that I have read the above
documents, and that the information contained therein is true and correct to the best of my
knowledge.

DATE: __1/29/08__                /s/ _James M. _____
                                NAME: James G. Turner-El
                                IDOC#: N-01161
                                __Menard__ Correctional Center
                                P.O. BOX 711
                                __Menard__, IL 62259

NO. _____

IN THE

SUPREME COURT OF THE STATE OF ILLINOIS

| | | |
|---|---|---|
| **PEOPLE OF THE STATE OF ILLINOIS,** | ) | Late Petition For Leave to Appeal From the Appellate Court of Illinois, First Judicial District, Appeal No. 1-06-1985 |
| Plaintiff-Appellee, | ) | |
| - vs - | ) | There Heard On Appeal From The Circuit Court For The First Judicial Circuit, Cook County, Illinois, |
| **JAMES G. TURNER-EL,** | ) | Case No. 81 C 9133 Hon. Evelyn B. Clay, |
| Defendant-Appellant, Pro se. | ) | Judge presiding. |

## MOTION FOR COURT ORDER GRANTING EXTENSION OF TIME TO FILE LATE PETITION FOR LEAVE TO APPEAL

TO THE HONORABLE JUSTICE OF THE SUPREME COURT OF THE STATE OF ILLINOIS:

May It Please the Court:

### I.

### PRAYER FOR EXTENSION OF TIME

Your Petitioner **James G. Turner-El**, Pro-se, respectfully move this Honorable Court for an Order granting him an extension of time to file his petition for late leave to appeal, pursuant to Ill. Sup. Ct. Rule 315, which is warranted due to err of the Appellate Court of Illinois decision to deny appeal, unjustifiably. And, the Clerk of the Court's failure to se3rve appellant with copy of denial order.

## II.

## OPINION AND PROCEEDINGS BELOW

The Hon.Judge Clay, dismissed defendant-appellant's Post-Convic-
tion on May 10, 2006.  Defendant-appellant mailed in Notice/Proof of
Service, Motion to proceed as a poor person on appeal; motion forthe
transmission of record on appeal;  motion for appointment of counsel
on appeal, but, he inadverttantly, failed to include his Notice of
Appeal, when mailing other documents to the Clerk of the Circuit Court,
on the date of May 25, 2006.   On or about May 27, 2006, the Clerk of
the Circuit Court returned documents unfiled advising defendant-appel-
lant he had forgot to include his Notice of Appeal.  To wit, defendant-
appellant promptly remailed documents with Notice of Appeal included on
June 8, 2006 (two days before due-date).  However, same was not filed
by the Clerk of the circuit court tile June 13, 2006, who processed
same to the Clerk of the Appellate Court.  It appears Justice McBride
entered an Order December 11, 2006, granting appellant leave to appeal
and appointing the State Appellate Defender to represent him on appeal
(See attached Petition for Rehearing with Exhibit Orders attached).
Court Appointed Counsel filed motion to dismiss appeal as untimely,
which was granted by three Justices of this Court on January 25, 2007.
Defendant-Appellant filed a Petition for Rehearing that was docketed
February 14, 2007.  However, Clerk failed to return appellant a stamp
filed copy, and further failed tyo serve appellant with denial order
of March 8, 2007, appellant did not become aware petition for rehearing
had been denied until he rewrote to the Clerk who sent him a letter and
a copy of the Court Order of 3/8/07, on January 8, 2008.  From this Order
appellant appeals.

- 2 -

## III.

### PRISON LAW LIBRARY ACCESS

Defendant-appellant is unlearned in the field and the practice of law, and he needs access to the prison law library to research and generally prepare his Late Petition for Leave to Appeal, in this Court. However, prison law library personnel will not afford a prisoner in appellant's position with access to the law library simply because he wants to file a Late Petition for Leave to Appeal. Unless, appellant has a Court Order granted by this Court giving him a due date to submithis Late Petition for Leave to Appeal, law library will afford him notime in which to prepare his petition. Accordingly, appellant seeks an Order from this Court granting him til March 18, 2008, to submit his late Petition for leave to appeal.

## IV.

### CONCLUSION

W H E R E F O R E, defendant-appellant pray this Honorable Court enter an Order granting him til to and including March 18, 2008, to submit his Late Petition for Leave to Appeal.

Respectfully submitted,

James G. Turner-El
#N-01161
M.C.C.
P.O. Box 711
Menard, Il. 62259

CLERK'S OFFICE

APPELLATE COURT FIRST DISTRICT

STATE OF ILLINOIS

160 NORTH LASALLE STREET, RM S1400

CHICAGO, ILLINOIS 60601

STEVEN M. RAVID
CLERK

January 8, 2008

Mr. James G. Turner-El
Reg. No.   N01161
Menard Correctional Center
P. O. Box 711
Menard, IL 62259-0711

In Re:        06-1985

Dear Mr. Turner-El:

        Enclosed and being returned to you are your proposed "Motion for Clarification on Status of Appeal" and Petition for Rehearing, because they are not necessary.

        Your Petition for Rehearing was filed on February 14, 2007 and denied on March 8, 2007. An additional copy of your file-stamped Petition for Rehearing and the Court's March 8, 2007 order are enclosed.

        The status of your case is that the Court's dismissal order is final and the mandate has issued.  The Appellate Court no longer has jurisdiction over your appeal.

                                        Very truly yours,

                                        Cindy F. Wile
                                        Administrative Attorney

CFW/cb

IN THE APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,       )
                                           )
    Plaintiff/Appellee,                    )
                                           )
                                           )       No. 1-06-1985
           v.                        )
                                           )
JAMES TURNER-EL,                           )
                                           )
    Defendant/Appellant.                   )

# O R D E R

    This matter coming on to be heard on Defendant's Motion to Reconsider the Dismissal Order entered January 25, 2007,

    IT IS HEREBY ORDERED: the motion is hereby DENIED.

_____
                       Justice

_____
                       Justice

_____
                       Justice

_____
                       JUSTICE

**ORDER ENTERED**

MAR 0 8 2007

APPELLATE COURT, FIRST DISTRICT

No. _1 - 06 - 1985_

IN THE

_APPELLATE COURT OF ILLINOIS_

_FIRST DISTRICT_

| | |
|---|---|
| _People of the State of Illinois,_ | ) |
| Plaintiff, | ) |
| | ) Case No. _81 C 9133_ |
| v. | ) |
| | ) |
| _James G. Turner-El,_ | ) |
| Defendant | |

## PROOF/CERTIFICATE OF SERVICE **＊/**

TO: _Michael J. Pelletier_         TO: _Richard Devine_
    _Appellate Defender's Office_       _State's Attorney_
    _203 N. La Salle St., 24th Fl._      _300 Daley Center_
    _Chgo, Il. 60601_                _Chgo, Il. 60602_

PLEASE TAKE NOTICE that on _December 2_, 20 _08_ I have placed the
documents listed below in the institutional mail at _Menard_ Correctional Center,
properly addressed to the parties listed above for mailing through the United States Postal
Service: _____

_____

_____


Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury,
that I am a named party in the above action, that I have read the above documents, and that the
information contained therein is true and correct to the best of my knowledge.

DATE: _12 / 1 /07_

/s/ _James G. _____ El_
NAME: _James G. Turner-El_
IDOC#: _N-01161_
_Menard_ Correctional Center
P.O. BOX _711_
_Menard_, IL _62259_


_＊/ Original and (2) copies must also be provided Clerk
of the Court._

Revised Oct. 2005

No. 1-06-1985

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| People of the State of Illinois,<br><br>    Plaintiff-Respondent,<br><br>--v.--<br><br>James G. Turner-el,<br><br>    Defendant-Appellant, | Appeal from the Circuit Court<br>of Cook County, Illinois.<br><br><br>No. 81 C 9133<br><br>Honorable<br>Evelyn B. Clay,<br>Judge Presiding. |

## MOTION FOR CLARAFICATION ON STATUS OF APPEAL

COME NOW, petitioner-appellant, James G. Turner-el, Pro Se, pursuant Illinois Code of Civil Procedure, and respectfully move this Honorable Court to clarify status of appeal.

IN SUPPORT, petitioner-appellant, (hereinafter "Appellant") states as follows:

1.    On January 25, 2007, Justices of this Honorable Court entered an Order allowing instant appeal to be dismissed (See Order attached hereto).

2.    On February 8, 2007, appellant filed his Petition for Rehearing. (See Petition attached).

3.    Having received no confirmation of filing by the Clerk of this Court, appellant wrote clerk a letter on the date of ~~their~~ April 26, 2007, requesting a stamp-filed copy, etc. (See letter attached).

4. To date clerk of this Court has never verified receipt of Petition for Rehearing and more than (8) months have elapsed.

5. Appellant needs confirmation his Petition was received and clarification as to the status of appeal proceedings.

WHEREFORE, appellant pray that this Honorable Court enter an Order clarifying status of the instant appeal.

Respectfully submitted,

James G. Turner-El
N-01161
M.C.C.
P.O. Box 711
Menard, IL. 62259

James B. Turner El
#N-01161
M.C.C.
P.O. Box 711
Menard, Il. 62259

April 20, 2007

Steven M. Ravid / Clerk
Appellate Court of Illinois / First District
160 N. La Salle, Rm. S 1400
Chicago, Il. 60601

Re: Notification / Change of residence

Dear sir:

Please be advised I forwarded in your case a Petition for Rehearing in Case No. 1-06-1985 to date, I received NO stamp-filed copy or other notification from you, or your office. Please advise did you receive said Petition, if so what is the status of my Appeal. (See copy attached).

Next, I learned today I may be transferred soon to another prison, so should you forward any Orders or responses, please first ascertain my whereabouts, I'll write again on the night of actual transfer and again when I get to where I've been designated.

Your cooperation is appreciated, a speedy response is welcomed,

Thanks.

Respectfully,

J.B. __ El

IN THE
## APPELLATE COURT OF ILLINOIS
### FIRST DISTRICT

| | |
|---|---|
| **PEOPLE OF THE STATE OF ILLINOIS** | ) |
| Plaintiff, | ) |
| v. | ) Case No. __81-C-9133__ |
| | ) |
| **JAMES G. TURNER-EL** | ) |
| Defendant | ) |

## PROOF/CERTIFICATE OF SERVICE

TO: **MICHEAL J. PELLETIER**         TO: **RICHARD A. DEVINE**
   **DEPUTY DEFENDER**                   **STATE'S ATTORNEY**
   **203 N LASALLE ST 24TH FL.**        **309 DALEY CENTER**
   **CHICAGO, ILL 60601**                **CHICAGO, ILL 60602**

TO: **STEVEN M. RAVID/CLERK**        TO: _____
   **APPELLATE COURT OF ILLINOIS**      _____
   **CHICAGO, ILL 6060**                _____
                                        _____
                                        _____

PLEASE TAKE NOTICE that on **FEBRUARY**          _8_ , 20 **07** I have placed the documents listed below in the institutional mail at **MENARD** Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: **PETITION FOR REHEARING**

_____

_____

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: _2/ 8 /07_

NAME: **JAMES G. TURNER-EL**
DOC#: **N-01161**
**MENARD** Correctional Center
P.O. BOX **711**
**MENARD,** , IL **62259**

NO. 1-06-1985

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

FILED
APPELLATE COURT 1st DIST.

FEB 1 4 2007

STEVEN M. RAVID
CLERK

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County, Illinois. |
| Respondent-Appellee, | ) ) ) | |
| - v - | ) ) ) | No. 81 C 9133 |
| JAMES G. TURNER-EL, | ) ) | The Honorable |
| Petitioner-Appellant. | ) ) | Evelyn B. Clay, Judge presiding. |

## PETITION FOR REHEARING

NOW COME the petitioner-appellant James G. Turner-El, pro se, pursuant to Ill. Sup. Ct. Rule(s) 367 and 373, and respectfully move this Honorable for a rehearing in the instant appeal.

IN SUPPORT, PETITIONER_APPELLANT STATES:

## I.

## STATEMENT OF FACTS

The Honorable Judge Clay dismissed petitioner-appellant's post-conviction petition without review of his meritorious claims May 10, 2006.

Petitioner-appellant mailed his motion for appointment of counsel, motion for transmission of record on appeal and his application for leave to proceed as a poor person to the clerk of the circuit court May 25, 2006,

May 25, 2006, however, he had inadvertantly failed to attach his Notice

of Appeal.

May 27, 2006, the clerk of the circuit court returned documents to petitioner-appellant unfiled advising petitioner-appellant ha had failed to attach his Notice of Appeal.

Petitioner-appellant attached Notice of Appeal and remailed same to the clerk of the circuit court on June 8, 2006, two days before due date. Howver, clerk did not file documents til June 13, 2006 and pro- cessed to the clerk of the Illinois Appellate Court, and on this same day a Honorable Justice of the Illinois Appellate Court entered an Order allowing appeal to proceed and appointing the State Appellate Defender as counsel to represent him in this matter. (See Court Order attached hereto).

Reportedly (3) days later the Hon. Judge Biebel, Jr., entered an Order denying petitioner-appellant's late Notice of Appeal on June 16, 2006.

State Appellate Defender filed motion without petitioner-appellant's knowledge or consent requesting the instant appeal be dismissed because because it was untimely, and late appeal was denied by Judge Biebel (3) days after Justice of this Court had Ordered appeal to proceed.

Before petitionerappellant copuld be heard in opposition this Honor- able Court entered Order January 25, 2007 dismissing appeal, based upon State Appellate Defender's motion to dismiss appeal.

For the foregoing reasons appeal should be reinstated, State Appel- lant Defender to Brief appeal, or in the à alternative that private,in- dependent counsel be appointed to represent petitioner-appellant hereon.

- 2 -

## II.

**Petitioner-Appellant's Notice of Appeal was not late pursuant to Ill. Sup. Ct. Rule 373, as such, Judge Biebel's Order of dismissal is improper and State Appellate Defender motion to dismiss appeal should be denied and this appeal reinstated to the Court's calendar for review.**

The Sate Appellate Defender's sole argument is 1) Notice of Appeal was untimely;  and, 2) The Hon. Judge Biebel,Jr., had dismissed/denied late Notice of appeal.

Illinois Supreme Court Rule 373 provide:

> Unless received after the due date, the time of filing records, briefs or other papers required to be filed within a specific time will be the dtae on which they are actually received by the clerk of the reviewing court, if received after due date, the time of mailing shall be deemed the time of filing. Proof of mailing shall be as provided in Rule 12(b)(3). **This Rule also applies to the notice of appeal in the trial court.**

In the instant appeal, petitioner-appellant remailed his Notice of Appeal June 8, 2006, as such, he had until June 10, 2006 to file his Notice of Appeal timely, even though the clerk filed Notice after due date on June 13, 2006, said Notice under above Rule must be deemed timely, as the time of mailing is the time of filing.  As such, The Hon. Judge Biebel's denial is improper and State Appellate Defender's motion to dismiss erroneous.

Accordingly, this Court should find that Judge Biebel erred and State Appellate Defender incompetent, but, getting this appeal dismissed when same under rule must be determined as timely filed.

### III

State Appellate Defender seeking dismissal of Appeal, where he should have known notice of appeal must be deemed timely when mailed before due date, has shown his incompetence, and willingness to deny petitioner-Appellant his right to appeal, as he's not reviewed petitioner-appellate's argument this his sentence is void because it does not comply to statutory class requirements, rendering himself as a useless, prejudice and unlikely representative to petitioner-appellant On Appeal.

In the instant appeal State Appellate Defender by seeking to have this appeal dismissed based upon timeliness of notice of appeal, where he should have known notice must be deemed timely, has shown his incompetence, and that he has not bothered to review petitioner-appellant's argument that his sentence proceeds from a void judgement as it does not comport to statutory class prerequisities accordingly, State Appellate Defender has rendered himself both useless and prejudice and this Court should find that he is not a good canidate to represent petitioner-appellate on appeal, and this Honorable Court should enter an Order removing, replacing or otherwise terminate his resentation in this matter, and appoint private independent counsel to represent Him on appeal as State Appellate Defender encouraged this Court to dismiss appeal in Petitioner-appellant's behalf without petitioner-appellant's knowledge or consent.

Accordingly, Petitioner-Appellant humbly beesch this Honorable Court to reinstate appeal and remove ineffective,prejudice counsel, and appoint one unaffiliated with the State Appellate Defender.

## IV

## CONCLUSION

WHEREFORE, petitioner-Appellant pray that this Honorable Court enter Orders reinstating appeal to this Court's Calendar and appointing Private independent counsel to represent him on appeal.

Respectfully Submitted,

_James B. _____ EP_

JAMES G, TURNER-EL/PRO,SE

ORDER

## IN THE APPELLATE COURT, STATE OF ILLINOIS
## FIRST DISTRICT

PEOPLE OF THE STATE OF ILLINOIS,    )
    Plaintiff-Appellee,    )
    )
    )    NO. _06-1985_
    V.    )
    )    Circuit Court # _81 CR 9133_
_James C. Turner-El Sr._    )
    Defendant-Appellant.    )

## ORDER

On the Court's own motion, it appearing that a notice of appeal was filed on _6/13/06_ and further that no counsel has appeared of record in the Appellate Court on behalf of the defendant-appellant;

**IT IS ORDERED** that the State Appellate Defender is appointed to represent the defendant-appellant, and the time for filing the record is extended to and including _2/7/07_.

**Name** _James Turner-El_

**Attorney for** _N 01161_    ORDER ENTERED

**Address** _PO Box 711_    DEC 1 1 2006

_Menard, Il_    APPELLATE COURT, FIRST DIST.

**Telephone** _62259-0711_

_____
Justice

_____
Justice

_____
Justice

STEVEN M. RAVID, CLERK OF THE APPELLATE COURT, FIRST DISTRICT

No. 1-06-1985

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois. |
| Respondent-Appellee, | ) | |
| | ) | |
| -vs- | ) | No. 81 C 9133. |
| | ) | |
| JAMES TURNER, | ) | Honorable |
| | ) | Evelyn B. Clay, |
| Petitioner-Appellant. | ) | Judge Presiding. |

**ORDER**

This matter coming to be heard on Appellant's motion, all parties having been duly notified, and the Court being advised in the premises,

IT IS HEREBY ORDERED:

That Appellant's Motion to Dismiss Appeal is allowed/denied.

ORDER ENTERED

JAN 2 5 2007

APPELLATE COURT, FIRST DISTRICT

PRESIDING JUSTICE

JUSTICE

JUSTICE

DATE: _____
MICHAEL J. PELLETIER
Deputy Defender
Office of the State Appellate Defender
203 North LaSalle Street - 24th Floor
Chicago, Illinois 60601
(312) 814-5472
COUNSEL FOR PETITIONER-APPELLANT

## IN THE
## APPELLATE COURT OF ILLINOIS
## FIRST DISTRICT

| | | |
|---|---|---|
| **PEOPLE OF THE STATE OF ILLINOIS** | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. **81-C-9133** |
| | ) | |
| **JAMES G, TURNER-EL** | ) | |
| Defendant | ) | |

## PROOF/CERTIFICATE OF SERVICE

TO: **MICHEAL J, PELLETIER**      TO: **RICHARD A,DEVINE**

   **DEPUTY DEFENDER**                 **STATE'S ATTORNEY**

   **203 N LASALLE ST 24TH FL.**       **309 DALEY CENTER**

   **CHICAGO,ILL 60601**               **CHICAGO,ILL60602**


TO: **STEVEN M, RAVID/CLERK**   TO: _____

   **APPELLATE COURT OF ILLINOIS**   _____

   **CHICAGO,ILL6060**             _____

   _____            _____


PLEASE TAKE NOTICE that on **FEBRUARY        8**, 20 **07** I have placed the
documents listed below in the institutional mail at **MENARD** Correctional Center,
properly addressed to the parties listed above for mailing through the United States Postal
Service: **PETITION FOR REHEARING**

_____

_____

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of
perjury, that I am a named party in the above action, that I have read the above
documents, and that the information contained therein is true and correct to the best of my
knowledge.

DATE: **2/ 8 /07**            /s/ _James G. Turner-El_

                             NAME: **JAMES G, TURNER-EL**

                             DOC#: **N-01161**

                             **MENARD** Correctional Center

                             P.O. BOX **711**

                             **MENARD,** , IL **62259**

Revised February 2005