IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

James G. Turner-el,
Plaintiff - Petitioner,

-v-

K. Schorn, Librarian;
Counselor(s) Howie, Goforth
and Kellerhouse; Prison
Guards Maui, Mitchell,
Hecht and Cowan, and
Unknown defendant Guards
Dr. Feinerman, Warden
Hulick and Walker Jr.,
Director of IDOC,

Defendant - Respondents.

**FILED**
APR 21 2008
Apr 21, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08CV2264
JUDGE DARRAH
MAG. JUDGE MASON

To The Honorable
Chief Judge of the Court

**EMERGENCY
MOTION FOR LEAVE OF THE COURT GRANTING PLAINTIFF COURT
PERMISSION TO FILE HIS COMPLAINT IN THIS DISTRICT**

COME NOW the plaintiff-petitioner James G. Turner-el, Pro Se, pursuant 42 U.S.C. §1983, §1985 §1986 and §1997, and the Fed. R. Civ. Procedure, and respectfully move this Honorable Court to grant him permission to file his complaint in this Court.

IN SUPPORT, plaintiff-petitioner states:

1. That plaintiff-petitioner (hereinafter referred as the "Petitioner") states: a) That he is a 58 year old prisoner in the custody of the defendants of the Illinois Department of Corrections ("IDOC") at the Menard Correctional Center, confined to Disciplinary/Segregation on false disciplinary report

2. Petitioner is a gay-male presently confined to a two man cell in segregation unit with a known gang member who have subjected him to reign of terror, an atmosphere of violence and of imminent danger of serious physical injury. That under the defendant(s) own rules gay-males are not to be celled with other prisoners in segregation unit, as such, defendant(s) are deliberately and intentionally subjecting plaintiff to physical and emotional injury.

3. Petitioner suffers numerous medical problems, in that: i) He has Anemia; ii) High Blood Pressure; iii) Hepatitus-C; iv) Pain in lower right abdomen; v) lower pain in back; vi) pain in both arms and hands and internal bleeding that defendant Feinerman cannot determine from what organs he's bleeding from, yet, has failed/refused to keep plaintiff hospitalized, which has subjected him to denial of necessary medical treatment and subjected him to cruel and unusual punishment, and imminent dangers of serious physical injury.

4. That due to fact that petitioner is in segregation unit because he couldn't walk, in that, due to extreme pain in lower right abdomen and lower back on 2/27/08, Doctor Sheppard issued him a (7) day Lay-In, (that he would not have to leave his cell) while petitioner was in general populace assigned to lowest gallery cell #1-18 in Unit North I, that on 2/28/08 Lt. Hampsey ordered plaintiff to move to highest gallery in the Unit to cell #7-39, that because plaintiff couldn't walk, he was confined to segregation even though he has a low gallery permit from Dr. Mueller dating back to November, 1988 for an indefinite period.

5. That the culmination of segregation confinement and lack of medical care, petitioner suffered a emotional breakdown an attempted suicide on 3/17/08 and had recurrence on 3/28/08.

6. That September, 2007 petitioner sought to file a temporary restraining order Request with the Clerk of the Circuit Court of Sangamon County in Case No. 05 MR 34, but, unknown defendant Correctional Guards who took possession of his legal mail refused to mail-out petitioner's mail as petitioner sought Court to make copies and serve all parties, but, clerk never has responded or served copies. Then October, 2007 petitioner filed a follow-up motion for copies and still to this day the court has not responded, its evident unknown defendant guards have tampered with plaintiff's legal mail, preventing his documents from ever being filed, thus, depriving him of access to the courts.

7. That principle defendant K. Schorn is the librarian at this prison, she has intentionally and deliberately refused to photocopy complaints, grievances and all other such documents proper number

-2-

of times petitioner request and documents were her name of them she won't allow to be photocopied at all, further she won't furnish proper number of legal envelopes for mailing, preventing service.

8. Petitioner discovered about 10 months late, that Illinois Appellate Court had denied his Petitioner's Petition for Rehearing on March 8, 2007, petitioner learned of this mid-January, 2008 he repeatedly sent legal requests to defendant Schorn for law-library access, that he could properly prepare his Federal Habeas Petition to be filed in this court. However, said defendant denied petitioner access.

9. When petitioner was confined to segregation 2/28/08, he knew defendant(s) Maui, Mitchell, Hecht and Cowan would not have segregation property office issue plaintiff his property until after his due date was past so plaintiff borrowed paper and pen and prepared a single copy of a motion for extension of time in this Court to file his Petition. The Clerk stamp-filed his motion but refused to file it for review by the Chief Judge of this Court and returned it.

10. Once petitioner received his property he sent his Federal Habeas Petition and State Petition for Relief from Judgement to law library with large stack of exhibits to be attached on 3/10/08 which defendant refused to copy Petitions the 5 times each he requested, copying each (4) times only and refused to copy exhibits to be attached altogether and didn't return til April 4, 2008, without forwarding (5) legal envelopes to mail out the documents; therefore, defendant Schorn has prevented the petitions from being filed not only timely, but, from being filed altogether. Because, Petitioner is asserting his sentence is void and he has served (12) years more than he should have served for State of Illinois, that cannot be credited toward petitioner's future Federal sentence, as petitioner was on Federal Parole when convicted of Illinois State charges every day he remains imprisoned by Illinois is illegal and subjects him to cruel and unusual punishment for service of time illegally, denies due process and equal protection of the law.

-3-

11. Defendant Counselors have each refused to decide the petitioner's grievance complaints – depriving him of institutional redress and interfering with administrative review, same subject petitioner to cruel and unusual punishment denies him due process and equal protection.

12. Because defendantes each have subjected petitioner to cruel and unusual punishment which subjects him to imminent dangers, petitioner prays this Honorable Court will permit him to proceed in this Court, Accordingly.

13. The reason petitioner has brought petitioner's complaint in this Honorable Court as oppose the U.S. District Court for the Southern District of Illinois, is because, the Chief Judge Murphy entered orders about (3) or (4) years ago forbidding petitioner to file any new complaints in the Southern District Court, until petitioner had paid off his filing fee debt owed the court, No exceptions, so therefore Judge Murphy's Order prevents petitioner of bringing any new complaints, even those as he must under threat of his suffering imminent dangers of serious physical injury. However, Judge Murphy's Orders is in opposite to 42 U.S.C. $1997 as petitioner must pay filing fee, but, not restricted from pursuing claims of imminent danger til fees are paid in full and by doing so, Judge Murphy deprives petitioner of his right to access to the court though in imminent danger. The petitioner's life is now in imminent danger, and since he's prohibited from bringing complaint in the U.S. District Court for Southern District of Illinois, he has no option, but, to seek access before this Honorable Court.

14. There is no jurisdictional question in this case as because petitioner cannot bring any complaints in the U.S. Southern District Court, their is no court in the Southern District to which he can file to, so the petitioner can file his complaint in other district that doesn't have him barred, especially as is here, where he's in imminent danger.

-4-

15. Petitioner does not only have his Federal Habeas Petition and civil complaint(s) to be presented in this Court, he also has Motion For Temporary Restraining Order that could relieve him imminent dangers right now. But, again he can't file Civil Complaints because defendant Schorn won't copy them.

16. Petitioner has enclosed (2) copies of his Habeas Petition as he's fearful should he mail original now, should defendants persist in tampering with his legal mail, the original could come up missing resulting in his having to redue it, which will be impossible so long as he's confined to Menard segregation unit. Petitioner notes exhibits could not be attached because defendant Schorn refused to copy them.

17. For all the foregoing reasons petitioner requests this Court enter Order granting him permission to proceed in this matter, and cause him to be brought before the Court via telephone conference or in person to present his Petitions and Complaints.

WHEREFORE, DO HE PRAY.

Respectfully submitted,

James B. _____ El
James G. Turner-El
N-01161
M.C.C.
P.O. Box 711
Menard, Il. 62259

STATE OF ILLINOIS  )
                   )SS
COUNTY OF RANDOLPH )

## AFFIDAVIT

I, James G. Turner-El do hereby declare and affirm that the following information within this affidavit is true and correct in substance and in facts:

1. I am in imminent danger of serious physical injury by the hands of gang member cellmate.
2. I'm also in imminent danger due to denial of medical care.
3. Defendant Sehorn won't photocopy civil rights complaint nor provide envelopes for mailing, she intentionally prevented federal habeas petition from being filed timely and refused to copy exhibits, to be attached.
4. Unknown defendant Correctional Guards refuse to mail out my legal mail sent to Circuit Court of Sangamon County, Illinois.
5. That prison officials have continued to pay off court costs to U.S. Southern District Court from my idle pay of $10.00 monthly for years, but, I'm prohibited from filing new complaints til court costs are paid in full.
6. That I have no where else to turn to have my rights protected I pray this Court grants me leave to proceed.
7. That further I sayeth not.
8. Petitioner was able to borrow 2 legal envelopes from other inmates to mail the attached documents.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this 13th day of April, 2008.

_____
                Affiant