**United States District Court, Northern District of Illinois**

MHN

| Name of Assigned Judge or Magistrate Judge | JOHN W. DARRAH | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 2264 | DATE | 4-29-08 |
| CASE TITLE | U.S. ex rel. James G. Turner-El (#N-01161) vs. Donald Hulick, et al. | | |

**DOCKET ENTRY TEXT:**

The petitioner's motion for leave to file *in forma pauperis* [#3] is granted. However, this successive petition for a writ of habeas corpus is dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3). The case is terminated. The petitioner's motions for appointment of counsel [#5], for leave to file in this district [#6], and for the clerk to make photocopies [#7] are denied as moot. A copy of Circuit Rule 22.2 is attached to this order. Pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, the clerk is directed to mail a copy of the petition to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601.

■ [For further details see text below.]

Docketing to mail notices.

**STATEMENT**

James Turner-El, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his convictions for armed robbery, attempted murder, and unlawful restraint on the ground the imposition of an extended-term sentence was unconstitutional. More specifically, the petitioner contends that the "maximum extended term of sixty years" denied him due process, deprived him of equal protection of the law, amounted to "cruel and unusual" punishment, and has subjected him to serving illegal "double-time," with no credit on his federal sentence.

The petitioner having shown that he is indigent, his motion to proceed *in forma pauperis* is granted. However, the court has reviewed the petition and finds that it must be dismissed for lack of jurisdiction. Under the Antiterrorism and Effective Death Penalty Act of 1996, a habeas petitioner must obtain prior leave from the court of appeals before the district court can consider a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A). The petitioner in the case at bar filed an earlier habeas corpus petition, *Turner-El v. Hinsley*, Case No. 04 C 6889 (N.D. Ill.). This court dismissed that petition as untimely by Minute Order of January 4, 2005 (Darrah, J.). The petitioner makes no showing that the U.S. Court of Appeals for the Seventh Circuit has granted him leave to file a second habeas corpus petition. The court therefore has no jurisdiction to consider the petitioner's renewed application for habeas corpus relief under § 2254. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); *In re Page*, 170 F.3d 659 (7th Cir. 1999).
(CONTINUED)

mjm

**STATEMENT (continued)**

For the foregoing reasons, the court grants the petitioner's motion for leave to file *in forma pauperis* but summarily dismisses the habeas corpus petition without prejudice to re-filing suit should the petitioner obtain leave to file from the Seventh Circuit Court of Appeals. All pending motions are denied as moot. Attached to this order is a copy of Circuit Rule 22.2. Circuit Rule 22.2 explains the procedures the petitioner must follow to obtain leave from the Seventh Circuit Court of Appeals to file a second or successive habeas corpus petition.

**Circuit Rule 22.2. Successive Petitions for Collateral Review**

(a) A request under 28 U.S.C. § 2244(b) or the final paragraph of 28 U.S.C. § 2255 for leave to file a second or successive petition must include the following information and attachments, in this order:

> (1) A short narrative statement of all claims the person wishes to present for decision. This statement must disclose whether any of these claims has been presented previously to any state or federal court and, if it was, how each court to which it was presented resolved it. If the claim has not previously been presented to a federal court, the applicant must state either:
>
>> (A) That the claim depends on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or
>>
>> (B) That the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and that the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the applicant guilty of the crime, had there been no constitutional error.
>
> (2) A short narrative statement explaining how the person proposes to establish the requirements mentioned above. An applicant who relies on a new rule of constitutional law must identify the new rule, the case that establishes that rule, and the decision of the Supreme Court that holds this new rule applicable to cases on collateral review.
>
> (3) Copies of all opinions rendered by any state or federal court previously rendered in the criminal prosecution, any appeal, and any collateral attack.
>
> (4) Copies of all prior petitions or motions for collateral review.

(b) A copy of the application, together with all attachments, must be served on the attorney for the appropriate government agency at the same time as the application is filed with the court. The application must include a certificate stating who was served, by what means, and when. If the application is made by a prisoner who is not represented by counsel, filing and service may be made under the terms of Fed. R. App. P. 4(c).

(c) Except in capital cases in which execution is imminent, the attorney for the custodian (in state cases) or the United States Attorney (in federal cases) may file a response within 14 days. When an execution is imminent, the court will not wait for a response. A response must include copies of any petitions or opinions that the applicant omitted from the papers.

(d) The applicant may file a reply memorandum within 10 days of the response, after which the request will be submitted to a panel of the court for decision

(e) An applicant's failure to supply the information and documents required by this rule will lead the court to dismiss the application, but without prejudice to its renewal in proper form.