FILED
4-29-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| James G. Turner-El, Petitioner, | 08 CV 2264 Case No. 08 C 2264 |
| --- | --- |
| -v- | The Honorable(s) |
| Donald A. Hulick, Defendant | John W. Darrah, Judge, Magistrate Judge Mason. |

MOTION TO HOLD PROCEEDINGS IN ABEYANCE, PENDING DETERMINATION OF ILLINOIS SUPREME COURT AS TO PETITIONER'S LATE NOTICE OF APPEAL

COME NOW your petitioner James G. Turner-El, Pro Se, and respectfully move this Honorable Court to hold the instant habeas proceeding in abeyance pending judgement of the Illinois Supreme Court of his late Notice of Appeal.

IN SUPPORT, petitioner states:

I.
Brief History

Petitioner brought Post-Conviction Petition, that was denied by the Cook County Circuit Court on or about May 10, 2006; Petitioner mailed to the Clerk of the Court, his motion(s) To proceed In Forma Pauperis, For Appointment of Counsel; Notice

Proof of Service and Motion for Transmission of the record on appeal, inadvertantly leaving off Notice of Appeal, Clerk received documents on May 25, 2006 and returned on May 27, 2006. Upon receipt, petitioner immediately prepared his Notice of Appeal attached and remailed by to the Clerk of the Circuit Court June 8, 2006 two days before due date.

The Clerk of the Court processed to the Clerk of the Illinois Appellate Court and the Hon. Judge McBride granted appeal to proceed and appointed counsel from office of the State Appellate Defender on June 13, 2006. But, counsel mistakenly assumed appeal was untimely and filed motion to dismiss appeal as being late, to which a (3) Judge Panel granted on Jan. 25, 2007.

That's when petitioner filed Petition for Rehearing on or about February 5, 2007. Having received NO word in (11) months, petitioner wrote the Court Clerk who sent letter dated January 8, 2008 advising Petition for Rehearing had been denied March 8, 2007; Petitioner promptly prepared Motion for Extension of time to Illinois Supreme Court to file late Notice of Appeal and was told by the Court to just file it, whenever. Because, it had been almost a year from Appellate Court denial, petitioner chose to bring his Federal Habeas Petition hereon

-2-

trying not to be in violation of one year time limitation requirement. However, since bringing his Federal Habeas Petition he has learned he's erred, by foregoing the filing of his late Notice of Appeal Petition with the Illinois Supreme Court, before bringing Federal Habeas action.

<u>B.</u>

<u>ARGUMENT</u>

II. Petitioner's failure to file his late Petition to Appeal to Illinois Supreme Court, prior to pursuing Federal Habeas relief is procedural default.

The U.S. Supreme Court held, that prior to bringing Federal Habeas proceeding, petitioner must first file a Petition for leave to Appeal to the Illinois Supreme Court to fully exhaust State remedies <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 119 S. Ct. 1728 (1999). As such, your petitioner move to hold this Habeas Petition in abeyance, pending judgement on his late Notice of Appeal Petition to Illinois Supreme Court.

-3-

Since, this Habeas Petition already has been assigned; plus, given a Case Number petitioner believes it easier to hold Federal Habeas Petition in abeyance, pending ruling by Illinois Supreme Court on his late Petition than to dismiss Habeas Petition to be filed at some later date.

c.

III.   Relief

Fore the foregoing reason(s) petitioner requests this Honorable Court enter Order to hold Federal Habeas proceedings in abeyance pending Illinois Supreme Court's determination of late Petition for Leave to Appeal.

WHEREFORE, DO HE PRAY,

Respectfully submitted,

James G. Turner
#N-01161
M.C.C.
P.O. Box 711
Menard, Il. 62259